IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOLEDO ELECTRICAL WELFARE FUND,

       Plaintiff,    Case No. 3:06 CV 1135

 -vs-

               O R D E R

DDT ELECTRICAL CONTRACTOR CO.,
LLC, et al.,

       Defendant.

KATZ, J.

## I. Background

This matter is before the Court pursuant to motions filed with this Court with respect to enforcing a settlement agreement entered into between Plaintiff Toledo Electrical Welfare Fund ("TEWF") and DDT Electrical Contractor Co., L.L.C. ("DDT"), Robert Turpening, and Julie Turpening (collectively, "Defendants"). Plaintiff now requests that the Court issue an order nunc pro tunc, clarifying its order and granting attorneys' fees and other costs (Doc. 46) that stem from the motion to enforce the settlement agreement, which this Court granted on December 20, 2007 (the "Order") (*See* Doc. 45).

## II. Clarification of Order

Plaintiff alleges breach by Defendants of the parties' agreement, which was memorialized in the Settlement Agreement (Doc. 46-2) and Consent Judgment Entry (Doc. 46-3). Per the terms of Doc. 46, Defendants' breach of this Court's enforcement Order consists specifically in (1) failure to sign the agreement, (2) failure to tender the first payment that was immediately due, and (3) failure to pay any of the agreed upon installment payments. Plaintiff's motion is unopposed

and alleges a sufficient basis for this Court to grant the motion to enforce. Defendants' breach of the Order occurred in neglect to the agreed upon terms of the settlement agreement. Plaintiff's motion to clarify the Order is hereby granted in full (Doc. 46).

IT IS THEREFORE ORDERED that judgment is entered in favor of Plaintiff TEWF and against Defendants DDT, Robert Turpening and Julie Turpening, jointly and severally, to reflect (1) that the terms of the Settlement Agreement permit Plaintiff to immediately collect the entirety of the balance due under the terms of the agreement; and (2) that Plaintiff is entitled to conduct an audit of Defendants' books and records for 2005, 2006, and 2007, respectively.

IT IS FURTHER ORDERED that Plaintiff be permitted to immediately collect any additional contributions determined by audit to be owed in excess of the $33,514.87 in total contributions as due and owing to TEWF as self-reported by Defendants on June 19, 2007.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 54(d) and 29 U.S.C. 1132(g),(2), Plaintiff is awarded $6,285.85 for the reasonable attorneys' fees it incurred in litigating this case further after settlement with Defendants.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE